**NOT FOR PUBLICATION**

FILED

UNITED STATES COURT OF APPEALS

OCT 31 2019

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | Nos. 17-50323, 17-50324 |
| Plaintiff-Appellee, | D.C. Nos. 3:16-cr-01611-CAB-1 3:14-cr-02586-CAB-1 |
| v. | |
| ABRAHAN GARCIA-MORALES, AKA Abraham Garcia-Morales, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Cathy Ann Bencivengo, District Judge, Presiding

Argued and Submitted December 7, 2018
Pasadena, California

Before: RAWLINSON and BEA, Circuit Judges, and SETTLE,[**] District Judge.

Abrahan Garcia-Morales ("Garcia") appeals his conviction for attempted

transport of aliens in violation of 8 U.S.C. § 1324(a)(1)(A)(ii). We have

jurisdiction under 28 U.S.C. § 1291. Finding no error, we affirm.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The Honorable Benjamin H. Settle, United States District Judge for the Western District of Washington, sitting by designation.

Garcia challenges the district court's finding that border patrol agents had reasonable suspicion to detain his vehicle. Whether reasonable suspicion existed for an investigatory stop is a mixed question of law and fact that this Court reviews *de novo*. *Ornelas v. United States*, 517 U.S. 690, 699 (1996). If border patrol agents' investigatory stop of Garcia was "supported by reasonable suspicion to believe that criminal activity may [have been] afoot," *United States v. Valdes-Vega*, 738 F.3d 1074, 1078 (9th Cir. 2013) (quoting *United States v. Arvizu*, 534 U.S. 266, 273 (2002)), then the stop did not violate the Fourth Amendment. Courts evaluating reasonable suspicion "must look at the totality of the circumstances," *Valdes-Vega*, 738 F.3d at 1078, which includes the "collective knowledge of the officers involved," *United States v. Hall*, 974 F.2d 1201, 1204 (9th Cir. 1992) (quotation omitted).

Here, border patrol agents reasonably suspected Garcia of criminal activity, based on their collective knowledge. Initially, Agent Christian Rivas observed Garcia's Jeep arrive at Calzada de la Fuente, a road that dead ends at the foothills next to the border, in close proximity to the location where Agent Luis Rivera arrested three Mexican citizens lacking immigration documents less than an hour before. Agent Rivera believed that at least one of the Mexican citizens was using a cell phone to coordinate transport by a load driver, which is a person "hired by a smuggling organization to pick up groups of undocumented aliens."

2                                                                                    17-50323

Approximately thirty minutes later, Garcia's vehicle drove onto Calzada de la Fuente, turned around, waited for five minutes, did not enter any parking lots, and then left the area. A third agent, Nathaniel Martinez, then pursued Garcia for approximately six miles on the freeway while observing his behavior. Garcia's shifting eye contact first aroused Agent Martinez's suspicions, and he further observed Garcia slow his Jeep enough to cause a "safety hazard" before detaining him. Last, Agent Martinez had heard radio transmissions from Agent Rivas and Agent Rivera linking Garcia to Calzada de la Fuente and the arrests of the three aliens earlier that afternoon, supporting Agent Martinez's own observations. Given these facts and under the totality of the circumstances, the collective knowledge of the agents, all of which was communicated to Agent Martinez before he conducted the stop, rose to the level of reasonable suspicion that criminal activity—an attempt to transport aliens—was afoot. *Valdes-Vega*, 738 F.3d at 1078.

**AFFIRMED.**[1]

---

[1] Garcia also appeals the prosecution's introduction of evidence as improper comment on his silence under *Doyle v. Ohio*, 426 U.S. 610 (1976). In a separate opinion filed simultaneously with this memorandum disposition, we affirm the conviction on that basis as well.